# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-2986

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANGEL LECHUGA-PONCE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03 CR 215—**William C. Griesbach**, *Judge.*

_____

ARGUED JANUARY 19, 2005—DECIDED MAY 17, 2005

_____

Before CUDAHY, MANION, and EVANS, *Circuit Judges.*

MANION, *Circuit Judge.* On February 27, 2004, Angel Lechuga-Ponce pleaded guilty to illegal reentry into this country after deportation. The district court sentenced Lechuga-Ponce to 70 months' imprisonment. On appeal Lechuga-Ponce challenges only his sentence. We order a limited remand.

## I.

On December 18, 1997, Angel Lechuga-Ponce was convicted of aggravated assault in connection with drunk driv-

ing in Hall County, Georgia. Two years later, Lechuga-Ponce, a citizen of Mexico, was deported to Mexico. At some point, however, Lechuga-Ponce reentered the United States without official permission. While in Wisconsin, he was arrested and convicted on March 7, 2003, of felony drunk driving by a Wisconsin state court and sentenced to three years' imprisonment.

While in prison, officials with the Bureau of Immigration and Customs Enforcement "found" Lechuga-Ponce, and he was indicted by a grand jury for illegal reentry after deportation for an aggravated felony. 8 U.S.C. § 1326(a) and (b)(2). Lechuga-Ponce pleaded guilty pursuant to a plea agreement. In the plea agreement and at the change of plea hearing, he admitted to the 1997 Georgia conviction.

At a sentencing hearing, the presentence report recommended a sentencing range of 77-96 months based on a sentencing enhancement of 16 levels because the underlying felony was a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Lechuga-Ponce moved for, and received, a downward departure because he argued that the sentence overstated the severity of his crime. The district court ultimately sentenced Lechuga-Ponce to 70 months' imprisonment. This appeal followed.

## II.

Lechuga-Ponce does not challenge his conviction, only his sentence. Much of Lechuga-Ponce's argument relates to the enhancement of his sentence due to his 1997 Georgia conviction being classified as a crime of violence. *See id.* Briefs were filed in this case after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), and prior to the Court's decision in *United States v. Booker*, ___ U.S. ___ , 125 S. Ct. 738 (2005). In his brief, Lechuga-

Ponce argues that the enhancement was unconstitutional because the fact of his prior conviction was not proven beyond a reasonable doubt.[1]

This argument is flawed in two key respects. First, Lechuga-Ponce's prior conviction was, in effect, proven beyond a reasonable doubt—in his plea agreement and at the change of plea hearing, Lechuga-Ponce admitted the prior conviction. *See Blakely*, 124 S. Ct. at 2537, *quoted in Booker*, 125 S. Ct. at 749 ("the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*") (emphasis in original). Second, even assuming Lechuga-Ponce had not admitted to the 1997 conviction, the fact of a prior conviction need not be proven beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998). Nothing in the Supreme Court's recent sentencing decisions suggests otherwise. In fact, quite the contrary—both *Booker* and *Blakely* reiterate the Court's earlier holdings that the fact of a prior conviction need not be proven beyond a reasonable doubt. *Booker*, 125 S. Ct. At 756 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added); *Blakely*, 124 S. Ct. at 2536 (*quoting Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

---

[1]  We note that oral argument in this case was held shortly after *Booker* was decided and counsel for Lechuga-Ponce conceded that much of his argument was mooted by the Court's decision in that case.

and proved beyond a reasonable doubt.") (emphasis added); *see also United States v. Rosas*, ___ F.3d ___ , 2005 WL 674846, at *3 (7th Cir. Mar. 24, 2005) (per curiam). *But see Shepard v. United States*, ___ U.S. ___, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring) .

Lechuga-Ponce's equal protection argument has been overtaken by subsequent events. His argument on this point envisioned an outcome to *Booker* different than that reached by the Court. Lechuga-Ponce anticipated that a defendant, such as he, who was eligible only for criminal history enhancements would be subject to mandatory enhancements while a defendant who was eligible for enhancements because of certain facts concerning his crime would be subject to discretionary enhancements. Lechuga-Ponce thus expected that some enhancements would be mandatory, while others would be discretionary—an equal protection violation in Lechuga-Ponce's view. But that is not what happened. The Supreme Court held that the guidelines, in their entirety, were advisory.

The fact that the sentencing guidelines are now advisory does, however, entitle Lechuga-Ponce to a limited remand. This court has recently held that a defendant is entitled to a limited remand where a district court sentenced a defendant under the guidelines and where this court cannot be assured that the district court would have arrived at that same sentence if it had treated the guidelines as advisory. *United States v. Castillo*, Nos. 02-3584 & 02-4344, slip op. at 31 (7th Cir. May 3, 2005) (quoting *United States v. White*, No. 03-2875, slip op. at 13 (7th Cir. May 3, 2005) (" '[M]ere mandatory application of the Guidelines—the district court's belief that it was required to impose a Guidelines sentence' . . . constitutes *Booker* error.")); *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). This limited remand is to take place even where, as here, the district court did not engage

in any improper fact-finding. *See Castillo*, slip op. at 31 (noting that defendant's "sentence relies solely upon facts admitted by him.").

Lechuga-Ponce's final argument is that the district court erred when it failed to recognize that when sentencing him it had the discretion to adjust his sentence downward for the fourteen months he was in state custody from the time he was found by immigration authorities (May 2003) until he was sentenced (July 2004). Lechuga-Ponce relies principally on the Fifth Circuit's decision in *United States v. Barrera-Saucedo*, 385 F.3d 533 (5th Cir. 2004). In that case the court held that a district court has the discretion to depart downward from a guideline range to account for time a defendant spent in state custody until the defendant is transferred to federal custody. *Id. at* 537. The idea is that time spent in state custody is time that defendant could otherwise spend in federal custody to serve his federal sentence concurrently with his state sentence. Other circuits have reached the same conclusion. *United States v. Los Santos*, 283 F.3d 422, 428-29 (2d Cir. 2002); *United States v. Sanchez-Rodriguez*, 161 F.3d 556, 564 (9th Cir. 1998) (en banc); *United States v. Saldana*, 109 F.3d 100, 104-05 (1st Cir. 1997).

Lechuga-Ponce has a fundamental problem, however. He is asking this court to find that the district court erred when it held that it had no discretion to depart downward to account for state custody, but Lechuga-Ponce never asked the district court to make such a downward departure. Without such a request, Lechuga-Ponce has waived his argument. *See United States v. Covarrubias*, 65 F.3d 1362, 1372 (7th Cir. 1995).

## III.

We direct a limited REMAND of Lechuga-Ponce's sentence so that the district court may determine whether it would

have sentenced him differently had it known that the sentencing guidelines are advisory rather than mandatory. We retain appellate jurisdiction pending the outcome of this remand.


A true Copy:

      Teste:


                _____

                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*