**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued January 19, 2005
Decided July 27, 2005

**Before**

Hon. Richard D. Cudahy, *Circuit Judge*

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Terence T. Evans, *Circuit Judge*

No. 04-2986

| | |
|---|---|
| United States of America, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Eastern |
| | District of Wisconsin |
| v. | |
| | No. 03-CR-215 |
| Angel Lechuga-Ponce, | |
| *Defendant-Appellant*. | William C. Griesbach, |
| | *Judge*. |

**O R D E R**

In an opinion and order dated May 17, 2005, this court directed a limited remand to the District Court for the Eastern District of Wisconsin in the above-captioned case. *United States v. Lechuga-Ponce*, 407 F.3d 895 (7th Cir. 2005). We did so pursuant to this court's decision in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In that case this court held that in light of the Supreme Court's decision in *United States v. Booker*, ___ U.S. __, 125 S. Ct. 738 (2005), a criminal defendant sentenced pursuant to the sentencing guidelines was entitled to a remand "where this court cannot be assured that the district court would have arrived at the same sentence if it had treated the guidelines as advisory." *Lechuga-Ponce*, 407 F.3d at 897.

On remand, the district court determined that "I may have sentenced the defendant differently had I known that the United States Sentencing Guidelines were advisory." In light of the conclusion, and consistent with this court's decision in *Paladino*, we order that Lechuga-Ponce's sentence is vacated and this case is remanded to the district court for resentencing.