UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006
Decided March 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2785

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 04 CR 126 |
| SEFERINO J.B. REYES-ACOSTA, *Defendant-Appellant.* | James B. Zagel, *Judge.* |

**O R D E R**

After Seferino Reyes-Acosta served a five-year sentence for possession of a controlled substance with intent to deliver (an aggravated felony), he was deported to Mexico, his country of origin. He reentered the United States illegally and was discovered by law enforcement officials after being arrested for possession of cannabis; he later pleaded guilty to illegal reentry, 8 U.S.C. § 1326(a), (b)(2), pursuant to a written plea agreement. Shortly thereafter, but before the court imposed sentence, Reyes-Acosta moved to withdraw his guilty plea on the basis that *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 543 U.S. 220 (2005), required the prosecution to prove beyond a reasonable doubt that he had a prior conviction for a drug-trafficking offense. When the district court denied Reyes-Acosta's motion to withdraw, he objected to the court's reliance on the Sentencing Guidelines, arguing that they

were unconstitutional in their entirety under *Blakely* and *Booker*. The court overruled these objections as well.

At sentencing, the district court adopted the guideline sentencing range of 57 to 71 months' imprisonment recommended in the presentence report. Reyes-Acosta argued that the court should impose a sentence below the guideline range because consideration of the 18 U.S.C. § 3553(a) sentencing factors revealed mitigating circumstances that warranted a lesser punishment; namely, that he reentered the United States to escape his "miserable existence" in Mexico and to make money to care for his son who lives in the United States. Although the court stated that it understood Reyes-Acosta's "motivation to return to the United States," it sentenced him to 57 months in prison. The court felt that the sentence, which was at the low end of the guideline range, was reasonable because Reyes-Acosta was discovered only after being arrested for committing yet another drug offense.

Reyes-Acosta filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Reyes-Acosta has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified by counsel. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Reyes-Acosta could argue that the district court erred by denying his motion to withdraw his guilty plea. We would review the court's denial of such a motion for abuse of discretion and its factual findings for clear error. *United States v. Rogers*, 387 F.3d 925, 931 (7th Cir. 2004). Although a defendant does not have an absolute right to withdraw a plea before sentencing, the court may allow him to do so if he provides a "fair and just reason" for the withdrawal. *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005). Counsel points out that the only argument that Reyes-Acosta could make regarding his guilty plea is that the Supreme Court's decisions in *Blakely* and *Booker*—which were issued after Reyes-Acosta entered into the plea agreement—created a change in law that provided a "fair and just reason" to withdraw his plea. We have held, however, that defendants are bound to the facts admitted in their plea agreements regardless of whether the agreement preceded *Blakely* or *Booker*. *See United States v. Paulus*, 419 F.3d 693, 699 (7th Cir. 2005) (stating that the defendant's failure to foresee *Booker* "does not alter the effect of the plea agreement"). Reyes-Acosta, having admitted in his plea agreement that he had a prior conviction for possession of a controlled substance with intent to deliver, is thus "stuck with the consequences of admitting those facts for the purposes of sentencing." *Id.* Counsel is therefore correct that *Blakely* and *Booker* do not provide Reyes-Acosta a "fair and just reason" for withdrawing his guilty plea, and any argument to the contrary would be frivolous.

Counsel next considers three potential sentencing challenges, beginning with whether Reyes-Acosta could argue that the district court erroneously applied the 16-level upward adjustment for being deported because of a drug-trafficking conviction. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i). Counsel appears to suggest that the 16-level adjustment should not apply because the crime for which Reyes-Acosta was convicted and eventually deported was not a drug-trafficking offense. However, Reyes-Acosta admitted in his plea agreement that he had a prior conviction for possession of a controlled substance with intent to deliver, *see* U.S.S.G. § 2L1.2 cmt. n.1(B)(iv); he also admitted in the agreement that given his conviction the 16-level adjustment was appropriate. Reyes-Acosta is thus bound to these admissions, *see United States v. Cieslowski*, 410 F.3d 353, 361-63 (7th Cir. 2005) ("Plea agreements are governed under the principles of contract law . . . ."), and nothing in the agreement or the transcript of the plea colloquy suggests that Reyes-Acosta did not understand this. Counsel thus correctly determines that it would be frivolous to argue that Reyes-Acosta was not convicted and deported for committing a drug-trafficking offense.

Counsel also considers whether Reyes-Acosta could argue that, under the Supreme Court's decisions in *Blakely* and *Booker*, the government was required to prove his prior conviction beyond a reasonable doubt before the district court could apply the 16-level adjustment. But *Blakely* and *Booker* suggest otherwise. Both decisions reiterate the Court's prior holdings that the fact of a prior conviction need not be proven beyond a reasonable doubt. *See United States v. Lechuga-Ponce*, 407 F.3d 895, 896-97 (7th Cir. 2005). In any event, Reyes-Acosta's prior conviction was effectively proven beyond a reasonable doubt because he admitted to it in the plea agreement. *See id.* at 896. This argument would thus be frivolous.

Finally, counsel considers arguing that the 57-month sentence was unreasonable under *Booker* because the district court failed to take into account mitigating circumstances, such as the conditions in Mexico that he sought to escape and his motivation to earn money to care for his son. But Reyes-Acosta's sentence fell within the properly calculated guideline range and therefore is entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court considered Reyes-Acosta's principal argument that he reentered the United States to be with his son, but concluded that his "plight with respect to his son" was outweighed by the fact that he was apprehended for illegal reentry only after he was arrested for a separate drug charge. The court then looked to other factors in § 3553(a) and imposed a 57-month sentence, deeming the minimum sentence of the guidelines reasonable in light of Reyes-Acosta's prior convictions for drug offenses. Counsel is thus correct that it would be frivolous for Reyes-Acosta to argue on this record that his sentence is unreasonable.

Because counsel correctly determines that any argument that Reyes-Acosta could make on appeal would be frivolous, we GRANT counsel's motion to withdraw and DISMISS this appeal.