**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 14, 2006
Decided July 18, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2522

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 CR 1180 |
| HILARIO SANTOS, *Defendant-Appellant.* | Matthew F. Kennelly, *Judge.* |

## O R D E R

Hilario Santos entered a blind guilty plea to one count of possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1). The district court calculated an advisory guidelines range of 108 to 135 months' imprisonment, but adjusted the range to 120 to 135 months to reflect the mandatory minimum. The court then sentenced Santos to 120 months. Santos appeals, but his appointed attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern any nonfrivolous grounds for appeal. We invited Santos to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so. Our review is limited to the points discussed in counsel's facially

adequate brief and Santos' response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers arguing that Santos' guilty plea was not knowing and voluntary and therefore should be set aside. Counsel does not indicate whether Santos has expressed to her a desire to withdraw his guilty plea. However, in his response to this *Anders* motion, Santos requests that we "reverse and vacate the sentence" so that he can "exercise the right to the [entrapment] defense he had been denied." We construe this statement to mean that Santos now wishes to withdraw his guilty plea; therefore, we consider whether his plea was knowingly and voluntarily made. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Because Santos did not move to withdraw his guilty plea before the district court, we review for plain error. *Schuh*, 289 F.3d at 974.

To ensure that guilty pleas are knowingly and voluntarily made, Rule 11 of the Federal Rules of Criminal Procedure requires that the district court accepting the plea inform the defendant of certain categories of rights and ensure that the defendant understands them. Fed. R. Crim. P. 11(c); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). Our assessment of the validity of a Rule 11 colloquy is based on the totality of the circumstances, including the complexity of the charge; the defendant's age, level of education, and intelligence; whether the defendant was represented by counsel; and the inquiry conducted by the judge. *See Blalock*, 321 F.3d at 688–89.

At the plea hearing, the district court engaged in a thorough Rule 11 colloquy with Santos. Santos then stated that he understood, and wished to plead guilty. Although he stated that he did not agree with all of the evidence as summarized by the prosecutor, when questioned by the court Santos admitted the facts supporting each element of the offense.

In his response to the *Anders* motion, Santos asserts that his plea was not knowing or voluntary because he does not speak English, has limited ability to comprehend due to his educational level, and was "placed . . . in fear" by his then-attorney who, he contends, advised him that an entrapment defense would fail and he would receive a life sentence if he went to trial. But the indictment and the presentence report were read to Santos in Spanish, he was assisted by an interpreter at both the plea hearing and the sentencing hearing, his responses to the court's questions about his understanding of the consequences of a guilty plea were unequivocal, and he never suggested that he had difficulty comprehending. To the extent Santos asserts that his attorney's advice coerced his plea, thus rendering it involuntary, this is belied by his own statement at the plea colloquy that no one forced, threatened, or intimidated him into pleading guilty. A defendant's statements at a plea colloquy are presumed truthful. *See United States v.*

*Standiford*, 148 F.3d 864, 868–69 (7th Cir. 1998). Moreover, Santos acknowledged throughout the colloquy that he understood the consequences of pleading guilty; thus his attorney's prediction that he would be sentenced to a longer term if he went to trial does not render his plea unknowing or involuntary. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

Counsel also evaluates whether Santos might argue that his prison sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). Counsel considers whether Santos might argue that the sentencing court impermissibly sentenced him based on facts not found by a jury or admitted by Santos. But as counsel acknowledges, the court made no additional findings but rather sentenced Santos based on facts Santos admitted in his guilty plea. By pleading guilty, Santos waived any entitlement to have factual contests resolved by a jury. Counsel next considers whether Santos might argue that the court improperly applied the guidelines as mandatory rather than advisory. But counsel correctly notes that such an argument would fail because the sentence imposed was the statutory minimum, and the court did not have discretion to disregard a mandatory minimum. *United States v. Paladino*, 401 F.3d 471, 480, 482-83 (7th Cir. 2005).

Finally, Santos suggests that the district court violated *Booker* by failing to further reduce his sentence pursuant to § 5K2.12 of the sentencing guidelines, which permits a court to reduce a sentence for crimes committed "because of serious coercion, blackmail or duress." Santos asserts generally that he committed the crime under duress because a co-participant "'made' him do things he did not agree with." But Santos never asked the district court for a sentence reduction based on duress, and a district court does not err by declining to exercise its discretion to reduce a sentence when the defendant fails to request it. *See United States v. Sewell*, 159 F.3d 275, 280 (7th Cir. 1998); *see also United States v. Lechuga-Ponce*, 407 F.3d 895, 897–98 (7th Cir. 2005). In any event, Santos was sentenced to the statutory minimum of 120 months, and the district court had no discretion to impose a lower sentence unless Santos qualified for a substantial-assistance or safety-valve exception. *See* 18 U.S.C. § 3553(e), (f); *United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001); *see also United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005) (explaining that *Booker* does not give a sentencing court discretion to disregard a statutory minimum). Santos raises no objection to the court's conclusion that he qualified for neither exception. This potential argument is therefore frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.