In the

# United States Court of Appeals
### For the Seventh Circuit

No. 05-2554

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RYAN J. PETERS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04 CR 107—**J.P. Stadtmueller**, *Judge.*

ARGUED JANUARY 9, 2006—DECIDED AUGUST 30, 2006

Before POSNER, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Ryan Peters pleaded guilty to possession of a firearm as a convicted felon, for which the maximum penalty is ten years in prison. 18 U.S.C. §§ 922(g)(1), 924(a)(2). His base offense level under the Sentencing Guidelines would have been 15 (resulting in a sentencing range of 41-51 months), but the district court held that Peters's two prior convictions—one for substantial battery with intent to commit bodily harm in violation of section 940.19(2) of the Wisconsin Statutes and one for battery, habitual criminality in violation of sections 940.19(1), 939.62(1)(a), and 939.62(2) of the Wisconsin Statutes—were "crimes of violence" as defined by the guidelines. *See* U.S.S.G. 4B1.2(a)(1). This increased his

offense level to 24, resulting in a sentencing range of 110 to 137 months. *See* U.S.S.G. 2K2.1(a)(2).

Peters objected, arguing that the Fifth and Sixth Amendments required that a jury determine beyond a reasonable doubt whether his prior convictions were crimes of violence. He argued that the logic of *United States v. Booker*, 543 U.S. 220 (2005) had undermined the holding of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that judges may determine the fact and nature of prior convictions at sentencing, even when those findings expose the defendant to higher maximum penalties. Peters also argued that the information in the presentence report about his prior convictions did not comport with the requirements of *Shepard v. United States*, 544 U.S. 13 (2005). The district court rejected his arguments and imposed a sentence of 110 months. Peters has appealed, reiterating his constitutional arguments, which we review de novo. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1019 (7th Cir. 2004).

Peters maintains that *Almendarez-Torres* is no longer good law in light of *Booker*—that juries, not judges, must determine beyond a reasonable doubt the fact and nature of prior convictions that increase penalties. That argument is foreclosed by several of this court's post-*Booker* cases. We note as an initial matter that this case does not squarely implicate the question of whether *Almendarez-Torres* survives *Booker* because the two battery convictions increased only Peters's guidelines range, not his statutory maximum penalty, and the remedial opinion in *Booker* cured the constitutional problem posed by the guidelines by making them advisory. Peters's sentence was statutorily capped at ten years, and findings that move him up in the guidelines range do not implicate the rule of *Almendarez-Torres*. *See United States v. Ngo*, 406 F.3d 839, 843 n.1 (7th Cir. 2005) (distinguishing between the use of prior convictions to increase guidelines ranges and the use of prior convictions to increase statutory maximums, noting

that the former no longer raise constitutional concerns because the remedial opinion in *Booker* rendered the guidelines advisory).

In any event, *Booker* explicitly maintained the *Almendarez-Torres* rule permitting judges rather than juries to determine the fact and nature of prior convictions used to increase sentences. *Booker*, 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). To the extent that *Almendarez-Torres* is in tension with the logic of *Booker* and its predecessors, we may not decline to follow it. *See Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."); *United States v. Sperberg*, 432 F.3d 706, 707 (7th Cir. 2005) ("We must follow *Almendarez-Torres* unless the Justices direct otherwise . . . ."); *United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006).

Accordingly, we have repeatedly declined invitations to hold that *Almendarez-Torres* is no longer valid after *Booker*. *United States v. Williams*, 410 F.3d 397, 402 (7th Cir. 2005); *United States v. Lechuga-Ponce*, 407 F.3d 895, 896-97 (7th Cir. 2005); U*nited States v. Lewis*, 405 F.3d 511, 513 (7th Cir. 2005); *United States v. Schlifer*, 403 F.3d 849, 852 (7th Cir. 2005). We do so again here. Peters did not have a Sixth Amendment right to a jury determination of his prior convictions.

Similarly, we have previously rejected the argument that the fact and character of prior convictions for guide-

lines purposes must be proven beyond a reasonable doubt. We have noted that guidelines calculations are conducted the same way now as they were before *Booker*. *See, e.g.*, *United States v. Robinson*, 435 F.3d 699, 700-01 (7th Cir. 2006); *United States v. Cunningham*, 429 F.3d 673, 675 (7th Cir. 2005). That means judges must resolve disputed factual issues, but there is no requirement of proof beyond a reasonable doubt because the guidelines are now advisory. *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). We have held that "the fact of a prior conviction need not be proven beyond a reasonable doubt," *Lechuga-Ponce*, 407 F.3d at 896, and have characterized the determination of the nature of a prior conviction as a *legal* rather than *factual* inquiry as a result of the Supreme Court's holdings in *Shepard* and *Taylor v. United States*, 495 U.S. 575, 600-02. *See Lewis*, 405 F.3d at 514 ("That legal criteria ('what kind of crime is this') rather than factual inquiries ('what did this person do when violating that statute?') identify a 'crime of violence' is the principal reason why the proviso to *Booker* exists, as Part III of Justice Souter's opinion in *Shepard* explains."). Peters pleaded guilty to possessing a firearm as a convicted felon. That admission exposed him to a maximum ten-year sentence. As long as Peters was not sentenced to more than ten years, nothing had to be found beyond a reasonable doubt.

Peters argues in the alternative that the information upon which the district court based its determination that his prior convictions were crimes of violence did not satisfy the requirements of *Shepard*. He says the presentence report referred only to the criminal complaints in his prior cases, not the actual judgments against him. It is unclear why Peters thinks the judgments are necessary—he did not dispute that he was convicted of the two offenses. Even if the presentence report referenced only the charging documents, as Peters asserts, that (coupled with his admission that the convictions were his) would be sufficient.

*Shepard*—which dealt with mandatory penalty increases for recidivists under the Armed Career Criminal Act, but which also applies to guidelines recidivist enhancements, *United States v. McGee*, 408 F.3d 966, 988 (7th Cir. 2005)—limited the universe of material sentencing courts may consider when determining whether a conviction obtained by guilty plea qualifies as a violent felony. *Shepard*, 544 U.S. at 16. *Shepard* held that "a later court determining the character of an admitted [prior conviction] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factfinding by the trial judge to which the defendant assented," or other "comparable judicial record[s]" of the prior conviction. *Id.* at 16. Charging documents are specifically listed within this universe of material the sentencing judge may consider. The court does not need the actual physical charging document, either; a presentence report that recounts the charging document's terms will suffice. *Id.* at 26 (limiting court's inquiry to, among other things, "the *terms* of the charging document" (emphasis added)).

In any event, Peters's presentence report *does* reference judgments. It states that Peters "was convicted of substantial battery-intended bodily harm in Case No. 96CF218 on 2/21/97 and of battery, habitual criminality in Case No. 99CM574 on 2/16/00," and in an addendum notes that the report writer examined only "the judgment and criminal complaint to determine if the underlying offenses were crimes of violence." The district court's reliance on the information in the presentence report did not run afoul of *Shepard*. Accordingly, the only question left is whether the court correctly concluded that the two battery convictions were crimes of violence.

As we have noted, whether a prior conviction was for a crime of violence is a legal inquiry into the nature of the crime of conviction, not a factual inquiry into the underly-

ing conduct of the defendant. *Lewis*, 405 F.3d at 513-15. Peters's two convictions qualify as crimes of violence as defined by § 4B1.2 of the sentencing guidelines. Guidelines § 4B1.2 defines "crime of violence" for purposes of the enhancement under § 2K2.1 as any offense punishable by imprisonment for a term exceeding one year that has as an element "the use, attempted use, or threatened use of physical force against a person of another," or that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. §§ 4B1.2(a)(1) and (a)(2). Peters was found guilty of substantial battery in violation of section 940.19(2) of the Wisconsin Statutes, which is a felony punishable by a term of imprisonment of more than one year and requires that the defendant caused substantial bodily harm to another by an act done with intent to harm the other person. That satisfies the guidelines definition of a crime of violence. So does his other conviction for battery in violation of section 940.19(1) of the Wisconsin Statutes, which requires that the defendant caused bodily harm to another with the intent to harm that person and without that person's consent. Although classified as a misdemeanor, by operation of the habitual criminality penalty provision applied in Peters's case, the offense was punishable by a term of imprisonment of more than one year. *See United States v. Bissonnette*, 281 F.3d 645, 646 (7th Cir. 2002) (holding that conviction for violation of Wis. Stat. Sec. 940.19(1), the misdemeanor battery provision, when coupled with state sentencing enhancements for habitual criminality, qualifies as a crime of violence punishable by a prison sentence of more than one year).

Accordingly, for the foregoing reasons, we reject Peters's argument that he was entitled to have a beyond-a-reasonable-doubt jury determination of the fact and nature of his prior convictions. The district court properly concluded that his two battery convictions are crimes of violence for purposes of calculating his advisory sentenc-

ing range. Peters has not challenged the reasonableness of his sentence under *Booker*.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*