NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 21, 2010[*]
Decided May 25, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| **No**. 10-1069 | Appeal from the United States District Court for the Western District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 09-CR-125-C-01 Barbara B. Crabb, *Judge*. |
| THURMAN M. WYATT, *Defendant-Appellant*. | |

**Order**

Thurman Wyatt has been convicted of possessing a firearm despite his prior felony convictions. He was sentenced to 188 months' imprisonment as an armed career criminal. 18 U.S.C. §924(e)(1).

His principal argument on appeal is that the Constitution entitled him to a jury trial on the existence and nature of his prior convictions. That contention was rejected in

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Although Wyatt contends that *Almendarez-Torres* does not apply to characterizations of prior convictions (here, whether Wyatt's three drug convictions are "serious" and his conviction for fleeing to avoid arrest is a "violent felony"), we held otherwise. *United States v. Spells*, 537 F.3d 743, 753 n.4 (7th Cir. 2008); *United States v. Hendrix*, 509 F.3d 362, 375–76 (7th Cir. 2007); *United States v. Peters*, 462 F.3d 716, 718 (7th Cir. 2006); *United States v. Lewis*, 405 F.3d 511, 513 (7th Cir. 2005). Wyatt contends that only a jury may find facts in a criminal prosecution, but the classification of a prior conviction does not depend on any facts found by a judge. To the contrary, classification depends on the crime of which the defendant has been convicted, not what he did in fact, and the judge is forbidden to look behind the conviction to contestable factual materials. See *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005). The district court followed *Taylor* and *Shepard*, relying on the records of Wyatt's convictions rather than making any findings of fact.

Wyatt's other argument is that the district court erred by directing that his federal sentence run consecutively to a state sentence that had yet to be pronounced. The prosecutor concedes that the judge erred. See *Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). But the prosecutor adds, and we agree, that the error was harmless. The day after the federal sentence, the state judge sentenced Wyatt to time served on the state charges. The choice between consecutive and concurrent sentences—and whether the state judge was entitled to make that election—therefore did not make a difference.

AFFIRMED