NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2013
Decided March 29, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-2358

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-cr-19 |
| ARTHUR J. WOODSON, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Arthur Woodson pleaded guilty to distributing a controlled substance, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), after he sold 3.5 grams of crack cocaine to a government informant. The district court determined that Woodson was a career offender, *see* U.S.S.G. § 4B1.1, calculated a guidelines imprisonment range of 151 to 188 months, and sentenced him to 160 months' imprisonment. Woodson filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Woodson opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to

the potential issues identified in counsel's facially adequate brief and Woodson's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises us that Woodson does not wish to challenge his guilty plea, so counsel's brief properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel and Woodson propose challenging the career-offender designation by arguing that Woodson's prior conviction of battery is not a "prior felony conviction" for purposes of § 4B1.1(a)(3) because Wisconsin labels that battery offense a misdemeanor. *See* WIS. STAT. § 940.19(1). But, as counsel points out, the sentencing guidelines define a prior felony conviction as "an offense punishable by death or imprisonment for a term exceeding one year, *regardless of whether such offense is specifically designated as a felony*." U.S.S.G. § 4B1.2, cmt. n.1 (emphasis added). And although the Wisconsin offense of battery is usually punishable by a term of imprisonment of nine months or less, *see* WIS. STAT. § 939.51(3)(a), his potential term of imprisonment increased to more than one year because of a battery conviction in 2000 that carried an enhanced sentence under Wisconsin's habitual criminality statute. *See* WIS. STAT. § 939.62; *United States v. Bissonette*, 281 F.3d 645, 646–47 (7th Cir. 2002).

Counsel and Woodson also propose arguing that the district court erred by determining that the prior conviction of battery constitutes a crime of violence because, according to Woodson, he did not injure the victim when he attempted to choke her. But whether a prior conviction was for a crime of violence "is a legal inquiry into the nature of the crime of conviction, not a factual inquiry into the underlying conduct of the defendant." *United States v. Billups*, 536 F.3d 574, 576–77 (7th Cir. 2008); *see United States v. Sandoval*, 696 F.3d 1011, 1014 (10th Cir. 2012); *United States v. Davis*, 676 F.3d 3, 7 (1st Cir. 2012); *United States v. Ruvalcaba*, 627 F.3d 218, 221 (6th Cir. 2010); *United States v. Brown*, 417 F.3d 1077, 1079–80 (9th Cir. 2005). And here the Wisconsin statute requires that the defendant cause bodily harm to another with the intent to cause bodily harm, WIS. STAT. § 940.19(1)—a requirement that meets the guidelines' crime-of-violence definition as an offense that "has as an element the use, attempted use, or threatened use of physical force against another." U.S.S.G. § 4B1.2(a)(1); *see United States v. Peters*, 462 F.3d 716, 720 (7th Cir. 2006). Counsel also considers an argument that the district court erred by relying on the facts described in the criminal complaint to determine that the battery was a crime of violence, *see Shepard v. United States*, 544 U.S. 13, 26 (2005), but properly concludes that the court instead made that determination based on the plain language of the Wisconsin battery statute. *See* WIS. STAT. § 940.19(1); *Peters*, 462 F.3d at 719.

Finally counsel concludes that any challenge to the reasonableness of Woodson's sentence would be frivolous. Woodson's within-range sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011), and we agree with counsel that the record presents no basis to set that presumption aside. The district court thoroughly considered the appropriate sentencing factors, acknowledging that "as a value transaction this wasn't a significant drug deal" and that most of Woodson's prior convictions occurred ten years before, but emphasizing his long history of "a total disrespect for the law," his continued drug use, and the need to deter criminal conduct. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.