NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014
Decided June 9, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-3584 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 479-1 |
| ROBERTO A. AGUILAR-PATINO, *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

Roberto Aguilar-Patino, a citizen of Mexico, was brought illegally to the United States by his parents in 1978 when he was 4 years old, but in 1990 at age 17 he adjusted his status to lawful permanent resident. Five years later he pleaded guilty to two counts of aggravated discharge of a firearm, *see* 720 ILL. COMP. STAT. 5/24-1.2(a)(1), (a)(2), and the Illinois circuit court imposed concurrent terms of 4 years' imprisonment. Aguilar-Patino was paroled in 1996—after serving only one year of his sentence—and the former Immigration and Naturalization Service promptly removed him from the United States. Within two years, however, Aguilar-Patino snuck into the country.

Authorities found him in Illinois in June 2012, and Aguilar-Patino pleaded guilty to unlawful presence after removal, 8 U.S.C. § 1326(a).

The district court calculated a total offense level of 21, which includes a 16-level upward adjustment because Aguilar-Patino had been removed from the United States following conviction for a felony firearms offense. *See* U.S.S.G. § 2L1.2(b)(1)(A)(iii). With his criminal history category of IV, he faced a guidelines imprisonment range of 57 to 71 months. Aguilar-Patino did not object to the court's guidelines calculations. Instead, he pressed for a below-range sentence of 24 months. Aguilar-Patino argued that the 16-level increase is excessive because it rests on conduct for which he already had been punished through incarceration and, on his view, removal. After weighing the factors in 18 U.S.C. § 3553(a), the district court concluded that a below-guidelines sentence was appropriate (although not the "extraordinary sentence" of 24 months advocated by Aguilar-Patino) and imposed a 44-month term.

Aguilar-Patino has filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that this kind of appeal might be expected to involve. We invited Aguilar-Patino to comment on counsel's motion, but he has not responded. *See* 7TH CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, No. 13-1163, 2014 WL 1389090, at *2 (7th Cir. Apr. 10, 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Moreover, counsel has determined that Aguilar-Patino does not want his guilty plea set aside, and thus the lawyer appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Aguilar-Patino could contest the 16-level upward adjustment under § 2L1.2(b)(1)(A)(iii) and correctly concludes that any challenge—which we would review for plain error—would be frivolous. Aguilar-Patino's state convictions are for firearms offenses if his conduct would have violated 18 U.S.C. § 924(c), which punishes using a firearm during a crime of violence. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(v). A crime of violence under § 924(c) encompasses a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). We concluded in *United States v. Curtis*, 645 F.3d 937 (7th Cir. 2011), that aggravated discharge of a firearm in violation of 720 ILL. COMP. STAT. 5/24-1.2 "is unquestionably the use,

attempted use, or threatened use of physical force against the person of another" for the purposes of the career offender guideline, 645 F.3d at 941 (internal citation and quotation marks omitted); *see also Quezada-Luna v. Gonzales*, 439 F.3d 403, 406 (7th Cir. 2006) (upholding BIA's conclusion that aggravated discharge of firearm is crime of violence under 18 U.S.C. § 16, which carries same definition as § 924(c)). Because it "would be inappropriate to treat identical texts differently just because of a different caption," *United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008), it would be frivolous to argue that aggravated discharge of a firearm is not a crime of violence under § 924(c).

Counsel next questions whether Aguilar-Patino could argue that the government was required to prove beyond a reasonable doubt his convictions for aggravated discharge of a firearm. But as counsel correctly points out, the fact of a prior conviction need not be proven beyond a reasonable doubt, *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998); *Julian v. Bartley*, 495 F.3d 487, 496–97 (7th Cir. 2007); *United States v. Peters*, 462 F.3d 716, 718 (7th Cir. 2006), and so an appellate challenge based on that ground would be frivolous.

Lastly, counsel explores whether Aguilar-Patino could challenge the reasonableness of his prison sentence. But his below-guidelines sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Long*, 748 F.3d 322, 332 (7th Cir. 2014); *United States v. Banas*, 712 F.3d 1006, 1011 (7th Cir. 2013), and counsel has not identified any basis to disturb that presumption. Indeed, the district court considered Aguilar-Patino's near lifelong residence in the United States and letters from relatives attesting to his devotion to his family versus the seriousness of the firearms offenses he committed before his removal, the number of crimes he has committed since returning, and the strong motive Aguilar-Patino has to return again illegally to be reunited with his family. *See* 18 U.S.C. § 3553(a)(1), (a)(2), (a)(5).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.