NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2017
Decided January 18, 2017

*Before*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1088

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| *v.* | No. 3:13CR00130-001 |
| ORLANDO LARRY, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

This is a direct appeal from a resentencing following our remand in *United States v. Larry*, No. 14-3169 (7th Cir. Mar. 5, 2015). In July and August 2013, the Dane County Narcotics Task Force performed a series of controlled buys of heroin and crack cocaine from Orlando Larry. Police then arrested him and discovered more than 150 grams of crack in a hotel room he had rented. Federal authorities charged Larry with nine counts of distributing controlled substances, including one count involving at least 28 grams of crack, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C). A jury found Larry guilty on all counts, and the district court sentenced him to a total of 240 months' imprisonment. Larry appealed, challenging only certain conditions of supervised release. At the parties' joint request, we remanded for resentencing in light of *United States v.*

*Thompson*, 777 F.3d 368 (7th Cir. 2015). On remand the district court modified the conditions of supervision but imposed the same term of imprisonment.

Larry's appointed attorney now asserts that this second appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Larry opposes counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses, plus the additional issues that Larry, disagreeing with counsel, believes have merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel and Larry devote significant portions of their submissions to discussing issues that arose before and during trial. But those issues are unrelated to the sentence Larry received on remand, which means that he waived any challenge to them by not raising them during his first appeal. *See United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014) ("[A]n issue that could have been raised on appeal but was not is waived and, therefore, not remanded"); *cf. United States v. Lewis*, 842 F.3d 467, 473 (7th Cir. 2016) (recognizing that district court on remand for resentencing may consider new arguments if necessary to effectuate its sentencing intent).

Counsel also discusses two increases in offense level that Larry received under Chapter 2 of the United States Sentencing Guidelines. But, as counsel properly recognizes, those adjustments did not affect the imprisonment range because Larry is a career offender. *See* U.S.S.G. § 4B1.1. That status applies if a defendant commits a felony crime of violence or controlled substance offense after incurring two convictions for such crimes. *Id*. at § 4B1.1(a). Larry does not dispute that his conviction for substantial battery, WIS. STAT. § 940.19(2), counts as one predicate offense. *See United States v. Peters*, 462 F.3d 716, 720 (7th Cir. 2006) ("[S]ection 940.19(2) of the Wisconsin Statutes . . . satisfies the guidelines definition of a crime of violence."). But he maintains that two convictions—for drug trafficking and child abuse—do not qualify. The drug crime should not count, he says, because it involved only a tenth of a gram of crack. But under the guidelines a "controlled substance offense" includes any distribution crime punishable by more than a year in prison, *see* U.S.S.G. §§ 4B1.1 cmt. n.1, 4B1.2(b); *United States v. Hudson*, 618 F.3d 700, 703 (7th Cir. 2010), and Larry received a 3-year sentence for that offense. Larry also asserts that child abuse under Wisconsin law "has a mens rea of recklessness" and thus cannot be a crime of violence, but in fact he was

convicted of "intentionally causing bodily harm to a child," WIS. STAT. § 948.03(2)(b). *See State v. Kimberly B.*, 699 N.W.2d 641, 647 (Wis. Ct. App. 2005) (recognizing that conviction under 948.03(2)(b) requires proof that defendant *intentionally* caused bodily injury to minor). We thus agree with counsel that any challenge to Larry's classification as a career offender (and thus the district court's calculation of his imprisonment range) would be frivolous.

Counsel last considers a challenge to the reasonableness of Larry's total imprisonment. The 240 months he received is 22 months below the bottom of the correctly calculated guidelines range of 262 to 327 months. Below-guidelines sentences are presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). Counsel has not identified any reason to disturb that presumption, nor can we. The district court considered the relevant sentencing factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense (finding Larry responsible for over 200 grams of crack cocaine and 13 grams of heroin), his history and characteristics (noting his lengthy criminal history, including his "shocking" pattern of domestic violence), and Larry's refusal to take advantage of previous opportunities to turn his life around.

One matter remains. Neither counsel nor Larry discusses potential objections to the conditions of supervised release imposed during resentencing. Some of those conditions track language we have criticized previously. For example, we have said that the condition prohibiting Larry from leaving the judicial district without permission "would be improved by explicitly adding a scienter requirement." *United States v. Kappes*, 782 F.3d 828, 849–50 (7th Cir. 2015). But we have no reason to believe that Larry would now wish to challenge these conditions, as counsel has not identified a potential argument related to them and Larry did not mention any condition of supervised release in his 17-page response to counsel's motion to withdraw. *See United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). If Larry later finds the conditions problematic in application, he can seek modification to the extent authorized by 18 U.S.C. § 3583(e)(2). *See United States v. Neal*, 810 F.3d 512, 518–20 (7th Cir. 2016).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.