United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 9, 2004**

Charles R. Fulbruge III
Clerk

REVISED SEPTEMBER 24, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
--------------------------------
No. 03-20960
--------------------------------

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIEL BARRERA-SAUCEDO,

Defendant - Appellant

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before BARKSDALE and PICKERING, Circuit Judges, and LYNN,[*]

District Judge.

LYNN, J: District Judge

Appellant Daniel Barrera-Saucedo appeals the district court's sentence on two grounds. The first ground is that the district court erred in concluding that it had no authority to depart downward for the time Barrera-Saucedo had served in state custody after immigration authorities found him. The second ground is that the "felony" and "aggravated felony" provisions found at 8 U.S.C. § 1326(b)(1) and (b)(2) are facially unconstitutional. Finding error as to the first ground, we

---

[*] District Judge for the Northern District of Texas, sitting by designation.

1

vacate the sentence and remand this case for the limited purpose of allowing the trial court to apply the law now stated, to determine whether Barrera-Saucedo is entitled to an additional downward departure for time spent in state custody.

## I. FACTS AND PROCEDURE

Daniel Barrera-Saucedo is a citizen of Mexico. On November 10, 1998, after serving a state term of imprisonment, Barrera-Saucedo was deported from Texas to Mexico. He later returned to the United States and was again arrested, prosecuted, and convicted. While serving time in state prison for two drug related offenses and criminal mischief, on June 4, 2002, immigration authorities located Barrera-Saucedo in the Texas Department of Criminal Justice - Institutional Division in Huntsville, Texas. However, Barrera-Saucedo was not released to immigration authorities until March 26, 2003, and was not placed in the custody of the United States Marshals Service until May 9, 2003. On June 13, 2003, Barrera-Saucedo pled guilty to illegal re-entry after deportation.

At sentencing, Barrera-Saucedo moved for a downward departure on three grounds: (1) special family circumstances; (2) time served in state custody after he was found by immigration authorities on June 4, 2002; and (3) time served in INS custody between March 26, 2003 and May 9, 2003. The district court declined to grant a departure for family circumstances but

2

granted Barrera-Saucedo's request for credit for the forty-four days he spent in INS custody. In response to the downward departure motion for time Barrera-Saucedo spent in state custody, the district court stated: "I think that I am prohibited from giving credit for the time that Mr. Barrera-Saucedo was in state custody serving his state sentence." When imposing the sentence, the district court also stated:

> if the Bureau of Prisons for any reason
> decides to release prisoners early, I
> recommend that they do so in this case. I
> don't think that the crimes that were
> committed are much more than a person trying
> to support a drug habit.

The court sentenced Barrera-Saucedo to forty-six months imprisonment, less the days he spent in INS custody, for a total of forty-four months and sixteen days.

## II. STANDARD OF REVIEW

This Court reviews a district court's application of the Sentencing Guidelines *de novo*, but its factual findings for clear error. *United States v. Rivera*, 265 F.3d 310, 311 (5th Cir. 2001). The Guidelines authorize district courts to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Sentencing Commission. *Koon v. United States*, 518 U.S. 81, 94 (1996). Whether a particular factor is a permissible basis for departure is a question of law. *Id.* at 98-100. This Court has jurisdiction to review a district court's refusal to grant a

3

downward departure from the Guidelines only if the refusal was based on an error of law. *United States v. Buck*, 324 F.3d 786, 797 (5th Cir. 2003). Thus, this Court may review the district court's decision only if it refused a downward departure on the mistaken conclusion that the Guidelines do not permit such a departure. *Id*. at 797-98.

### III. <u>DISCUSSION</u>

Barrera-Saucedo appeals the district court's sentence on two grounds. First, Barrera-Saucedo argues the district court erred in concluding that it had no authority to downwardly depart for the time Barrera-Saucedo had served on a state sentence after being discovered by immigration authorities. Second, Barrera-Saucedo contends that the "felony" and "aggravated felony" provisions found at 8 U.S.C. § 1326(b)(1) and (b)(2) are facially unconstitutional.

#### A. Downward Departure

There is no statutory authority for district courts to award credit against federal sentences for time spent in state custody. *See United States v. Wilson*, 503 U.S. 329, 333-37 (1992). To the contrary, Congress has granted such authority to the Attorney General, through the Bureau of Prisons, pursuant to 18 U.S.C. § 3585(b).

Although a sentencing court may not give credit for time served in state custody, this Court has not yet addressed the

4

issue of whether a court may downwardly depart for time served. Though an issue of first impression in the Fifth Circuit, both the Second and Ninth Circuits have held that a downward departure may be appropriate on such ground. Specifically, both circuits have held that a downward departure may be granted based on a defendant's lost opportunity to serve his federal sentence concurrently with his state sentence due to the delay in commencing federal proceedings after the defendant is discovered by immigration authorities in state custody. *See United States v. Los Santos*, 283 F.3d 422, 428-29 (2d Cir. 2002); *United States v. Sanchez-Rodriquez*, 161 F.3d 556, 564 (9th Cir. 1998) (en banc). The First Circuit has also suggested that such a departure may be appropriate. *See United States v. Saldana*, 109 F.3d 100, 104-05 (1st Cir. 1997). We have found no decisions holding that a departure on such grounds is impermissible.

A district court cannot depart from the Guidelines, however, unless it first finds, on the record, that the facts or circumstances of a case remove that case from the heartland of typical cases. *United States v. Winters*, 174 F.3d 478, 482 (5th Cir. 1999). Where the factor at issue is not mentioned in the Guidelines, the sentencing court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines as a whole, decide whether it is sufficient to take the case out of the Guidelines' heartland, bearing in mind

that departures based on grounds not mentioned in the Guidelines will be highly infrequent. *Koon*, 518 U.S. at 96 (citing 1995 U.S.S.G. ch. 1, pt. A, p.6).

Here, it is unclear from the record whether the district court would have been inclined to grant a further downward departure based on Barrera-Saucedo's time spent in state custody, because the district court believed it did not have a legal basis for departure. Thus, the district court did not conduct a heartland analysis with respect to the time spent in state custody.

The Supreme Court has held that, if "the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, . . . that the error did not affect the district court's selection of the sentenced imposed." *Williams v. United States*, 503 U.S. 193, 203 (1993). The district court's comments at sentencing did not reveal whether it would have departed had it known that it could do so to compensate Barrera-Saucedo for his lost opportunity to serve his state and federal sentences concurrently. However, the district court's suggestion that the Bureau of Prisons consider releasing Barrera-Saucedo early suggests that the district court indeed might have considered departure had the court believed a departure on such basis was an option.

We now hold that it is permissible for a sentencing court to

6

grant a downward departure to an illegal alien for all or part of time served in state custody from the time immigration authorities locate the defendant until he is taken into federal custody. The Ninth and Second Circuits disagree on the circumstances under which such a downward departure might be appropriate. The Second Circuit has held that for a district court to depart based on prosecutorial delay that resulted in a lost opportunity to serve state and federal sentences concurrently, the delay in federal prosecution must have been in bad faith or unreasonable. *Los Santos*, 283 F.3d at 428. The Ninth Circuit, in contrast, has held that a defendant need not demonstrate that the Government acted in bad faith and that departure may be appropriate even in a case of innocent delay. *Sanchez-Rodriguez,* 161 F.3d at 564. We concur with the analysis of the Ninth Circuit, and conclude that a delay after the defendant is found in state custody may be a factor in the district court's analysis of whether a downward departure is warranted by the facts, and, if so, to what extent.

Applying these principles to the case at bar, because the district court believed it was prohibited from considering Barrera-Saucedo's motion for downward departure based on time he served in state custody after he was found, and because we have now held that the court was not so prohibited, the district court's sentence is vacated, and this case is remanded for the

7

limited purpose of allowing the district court to determine whether the defendant is entitled to a downward departure for all or part of the time he spent in state custody after he was located by immigration authorities.

**B.    Constitutionality of 8 U.S.C. § 1326(b)**

Barrera-Saucedo argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. The Supreme Court held in *Almendarez-Torres* that Congress intended the fact of a prior "felony" or "aggravated felony" to be a sentence enhancement provable to a judge at sentencing, by a preponderance of the evidence, rather than an element to be charged in the indictment and proved to a jury beyond a reasonable doubt. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Barrera-Saucedo contends that in light of *Apprendi*, it now appears that a majority of the Supreme Court believes such a scheme is unconstitutional. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *see also Blakely v. Washington*, 2004 U.S. LEXIS 4573 (2004); *see also United States v. Pineiro*, 2004 U.S. App. LEXIS 14259 (5th Cir. 2004). However, as appellant concedes, this contention is foreclosed by prior Fifth Circuit precedent. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the sentence of the district court is VACATED, and the Court REMANDS this case for the limited purpose of allowing the trial court to determine whether Barrera-Saucedo is entitled to a downward departure for time spent in state custody after the date when he was located by immigration authorities.