United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40648
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS GUTIERREZ-SUAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-18-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Elias Gutierrez-Suarez appeals his guilty-plea conviction

and sentence for being found illegally present in the United

States after deportation pursuant to 8 U.S.C. § 1326(a) and (b).

Gutierrez-Suarez argues, pursuant to Apprendi v. New Jersey,

530 U.S. 466 (2000), that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the

offense, not sentence enhancements, making those provisions

unconstitutional.  He concedes that this argument is foreclosed

by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by prior Fifth Circuit precedent, <u>United States v. Barrera-Saucedo</u>, 385 F.3d 533, 537 (5th Cir. 2004).  He raises the argument for possible review by the Supreme Court.

Gutierrez-Suarez also argues that after the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), his sentence could not be enhanced under the Federal Sentencing Guidelines on the basis of the fact of his prior conviction unless that fact was found by a jury beyond a reasonable doubt or admitted by him.  He concedes that this court's opinion in <u>United States v. Pineiro</u>, 377 F.3d 464 (5th Cir. 2004), <u>petition for cert. filed</u> (July 14, 2004) (No. 04-5263 ), forecloses this issue, and he raises it solely to preserve the issue for further review.  This court has held that <u>Blakely</u> does not apply to the Federal Sentencing Guidelines.  <u>Pineiro</u>, 377 F.3d at 473.

AFFIRMED.