**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009
Decided October 14, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-4182

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

JOSE CLARO MOLINA-VALERIO,
    *Defendant-Appellant*.

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 08-CR-346-1

Joan B. Gottschall,
*Judge*.

**O R D E R**

Jose Claro Molina-Valerio pleaded guilty to being present in the United States
without permission after having been removed. *See* 8 U.S.C. § 1326(a), (b). He was
sentenced to 57 months' imprisonment, to be followed by 3 years' supervised release if he is
not immediately deported. Molina-Valerio filed a notice of appeal, but his appointed
counsel moves to withdraw because he does not believe there are any nonfrivolous issues to
raise. *See Anders v. California*, 386 U.S. 738 (1967). Molina-Valerio did not accept our
invitation to respond to his lawyer's submission, *see* CIR. R. 51(b), so we limit our review to

the potential issues identified by counsel. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Molina-Valerio served 10 years in a Texas prison for aggravated sexual assault of a child and was deported in 2001. He returned to the United States, and by 2004 he was back in prison, this time on an Illinois drug conviction. Federal agents learned that he was in the United States illegally, but elected not to charge him until he had completed his state term. In 2008 he pleaded guilty to illegal reentry and was sentenced to the bottom of the applicable guidelines range.

Counsel first considers whether Molina-Valerio could assert that the indictment was defective because (1) it failed to allege one of the elements of § 1326(a), (b)—the element of intent to reenter, *see Carlos-Colmenares*, 253 F.3d 276, 278 (7th Cir. 2001); and (2) it charged him with violating 6 U.S.C. § 202(4), a non-criminal statute that authorizes U.S. Homeland Security to establish rules governing entry into the United States. Counsel correctly recognizes that these potential arguments are frivolous; defects in an indictment do not deprive a district court of jurisdiction over the case, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and Molina-Valerio waived any non-jurisdictional challenges to the indictment by pleading guilty. *See United States v. Silvious*, 512 F.3d 364, 372 (7th Cir. 2008).

Counsel next examines whether Molina-Valerio could argue that his 57-month sentence exceeded § 1326(a)'s two-year maximum statutory sentence for aliens like himself, whose indictment charged him only with being removed from—and later found in—the United States. But as counsel recognizes, in order to authorize a court to increase the sentence under § 1326(b), the government need not charge prior felonies in the indictment. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *United States v. Price*, 516 F.3d 597, 605 (7th Cir. 2008).

Counsel also considers whether Molina-Valerio could challenge the voluntariness of his plea because the district court failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(H) by not informing him of any statutory maximum sentence. But an appeal based on this omission would be frivolous because Molina-Valerio has not expressed an interest in withdrawing his guilty plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Next, counsel asks whether Molina-Valerio could challenge the reasonableness of his sentence, particularly because the government delayed its prosecution of him until the opportunity for a sentence concurrent with his state sentence had been lost. *See, e.g., United States v. Barrera-Saucedo*, 385 F.3d 533, 537 (5th Cir. 2004); *United States v. Los Santos*, 283 F.3d 422, 428-29 (2d. Cir. 2002). Our circuit, however, has not determined whether a district court may give a defendant a lesser sentence on this ground, and we have noted that none

of the other circuits to opine on the issue has supported its decision with extensive reasoning. *See United States v. Villegas-Miranda*, No. 08-2308, slip op. at 8, 9 (7th Cir. Aug. 27, 2009). In any event the district court addressed the argument, concluding that, because Molina-Valerio's state and federal convictions arose from separate courses of conduct, there was no reason to presume concurrent sentencing would be appropriate. The district court gave detailed and meaningful consideration to all Molina-Valerio's arguments and the factors set forth in 18 U.S.C. § 3553(a), and this is all it must do. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). Further, as counsel notes, Molina-Valerio's sentence is within the properly calculated guidelines range and thus is presumed reasonable on appeal. *See Rita v. United States*, 551 U.S. 338 (2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.