**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 18, 2011

Lyle W. Cayce
Clerk

No. 10-40642
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MARTINEZ-ALVARADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 2:09-CR-1037-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Carlos Martinez-Alvarado appeals the 27-month within-guidelines sen-
tence imposed following his jury conviction of assaulting, resisting, opposing, im-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

peding, intimidating, and interfering with a federal officer.  He argues that the district court abused its discretion in denying a reduction for acceptance of responsibility and that it erred in applying an enhancement under U.S.S.G. § 2A2.4(b)(2) based on a finding that the victim sustained bodily injury.  He also contends that the application of both U.S.S.G. § 2A2.4(b)(1) and § 2A2.4(b)(2) constitutes impermissible double-counting because an offense that causes bodily injury to the victim necessarily involves physical contact.  He further asserts that the court erred in applying an enhancement for obstruction of justice based on a finding that he committed perjury.

"While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference."  *United States v. Buchanan,* 485 F.3d 274, 287 (5th Cir. 2007).  "We will affirm a sentencing court's decision not to award a reduction" pursuant to U.S.S.G. § 3E1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte,* 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

The district court did not err in denying credit for acceptance of responsibility.  At trial, Martinez-Alvarez denied that he was assaulting Agent Rafael Cortez or even resisting arrest.  Martinez-Alvarez claimed he was acting in self-defense and cast himself as the victim.  Given the deference owed to findings on acceptance of responsibility, he has not shown that the denial of the reduction was without foundation.  *See Juarez-Duarte,* 513 F.3d at 211.

Section 2A2.4(b)(2) of the guidelines provides for a two-level increase where an offense involves bodily injury to the victim.  Bodily injury is defined by reference to U.S.S.G. § 1B1.1 and is "any significant injury; e.g. an injury that is painful or obvious, or is of a type for which medical attention ordinarily would by sought." § 2A2.4(b)(2), comment. (n.1), citing § 1B1.1, comment. (n.1(B)).  The district court's interpretation and application of the guidelines are reviewed *de*

*novo*, its factual findings for clear error. *Juarez Duarte*, 513 F.3d at 208.

The court viewed photographs showing Cortez's swollen fingers. Cortez testified that his injuries were painful and that he experienced discomfort. He iced his knee for a few days, and the discomfort lasted for about two weeks; he also had bruising on his arms. Thus, there was evidence that he suffered a painful or obvious injury, and the court did not clearly err in applying the enhancement under § 2A2.4(b)(2).

Martinez-Alvarez's challenge to the application of § 2A2.4(b)(1) is reviewed for plain error, because he failed to object on this basis in the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). He must therefore show a forfeited error that is clear or obvious, affects his substantial rights, and "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks and citation omitted).

Double-counting is barred only where expressly prohibited by a specific guideline. *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Section 2A2.4 does not expressly prohibit application of enhancements for both bodily injury to the victim and because the offense involved physical contact, so there was no error, plain or otherwise, in the application of § 2A2.4(b)(1). *See id.*

The district court's determination that a defendant obstructed justice is reviewed for clear error. *Juarez-Duarte*, 513 F.3d at 208. Martinez-Alvarez denied that he resisted arrest and testified that he acted only in self-defense. Additionally, he testified in a manner to discredit Cortez's testimony. Therefore, the court found that his testimony was comprised of lies, was an attempt to discredit the government's witnesses, and was willful. The findings thus encompass all the factual predicates for perjury. *See United States v. Dunnigan*, 507 U.S. 87, 94-95 (1993). The court did not clearly err in the application of this enhancement. *See Juarez-Duarte*, 513 F.3d at 208.

Accordingly, the judgment is AFFIRMED.