**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2011

No. 10-20809
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-98-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Israel Rios pleaded guilty to illegal reentry following deportation after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2). The district court imposed a within-guidelines sentence of 56 months, which reflected a one-month credit for the time Rios spent in the custody of Immigration and Customs Enforcement (ICE). Rios appeals the district court's denial of his motion for downward departure based on credit for time served in state custody after his parole was revoked.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20809

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for procedural error and substantive reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a) under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Rios first argues that the district court erred when it unreasonably denied his request for a downward departure based on time served in state custody. Because Rios preserved this claim of error in the district court, we apply the abuse-of-discretion standard. *See Russell v. Plano Bank & Trust*, 130 F.3d 715, 720 (5th Cir.1997) ("A party may be excused from the requirement of making a specific objection only where the party's position previously has been made clear to the trial judge and it is plain that a further objection would be unavailing.")

Under *United States v. Barrera-Saucedo*, 385 F.3d 533, 537 (5th Cir. 2004), "it is permissible for a sentencing court to grant a downward departure to an illegal alien for all or part of time served in state custody from the time immigration authorities locate the defendant until he is taken into federal custody." "This Court has jurisdiction to review a district court's refusal to grant a downward departure from the Guidelines only if the refusal was based on an error of law." *Barrera-Saucedo*, 385 F.3d at 535 (internal citation omitted). "A refusal to grant a downward departure is a violation of law only if the court mistakenly assumes that it lacks authority to depart." *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001) (internal quotation and citation omitted). Rios does not argue that the district court believed that it was not authorized to depart. Furthermore, there is no indication in the record that the district court was under the mistaken impression that it could not depart. The court specifically addressed the issue of a departure based on credit for time served but concluded that it was not warranted in this case. Thus, this court lacks jurisdiction to review the district court's denial of Rios's downward departure motion. *See Barrera-Saucedo*, 385 F.3d. at 535.

Rios also argues that the district court erred when it failed to explain why it denied his request for a downward departure based on credit for time served. Because Rios failed to present this argument in the district court, we review for plain error. *See Mondragon-Santiago*, 564 F.3d at 361. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

To the extent Rios is complaining about the district court's denial of his downward departure motion, this court is without jurisdiction to review that denial. *See Barrera-Saucedo*, 385 F.3d at 535. To the extent Rios is complaining that the district court failed to adequately explain the sentence it imposed, his argument is without merit. The record in the instant case reflects that the district court imposed a within-guidelines sentence. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 347 (2007) . However, "more than a brief statement may be required when a district court is presented with nonfrivolous arguments for a sentence outside the Guidelines." *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (internal citation omitted). On the other hand, a district court's explanation is sufficient where the record reflects that the district court listened to and considered the defendant's arguments for a below-guidelines sentence and then indicated that a sentence within the guidelines range was appropriate. *See Rodriguez*, 523 F.3d at 525-26.

In the instant case, the district court did not plainly err with respect to the sufficiency of its explanation for the sentence it imposed. The record reflects that the district court considered Rios's argument that he receive credit for time served. The court also listened to the probation officer's response, concluding

that Rios should receive a one-month credit for the time he spent in ICE custody. The record also reflects that the district court listened to the parties' arguments regarding a downward departure based on either cultural assimilation and criminal history. Finally, in imposing the sentence, the district court noted that a within-guidelines sentence would satisfy the factors under 18 U.S.C. § 3553(a). Thus, the record in the instant case reflects that the district court listened to and considered Rios's arguments for a downward departure but simply found the circumstances insufficient to warrant a lesser sentence in light of the Guidelines and the § 3553(a) factors. *See Rita*, 551 U.S. at 358; *Rodriguez*, 523 F.3d at 525-26. The court's failure to give additional reasons does not constitute plain error. In addition, to show that the purported failure to give adequate reasons affected his substantial rights, Rios must show that it affected the outcome, i.e., that further explanation would have resulted in a lesser sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65. He makes no such showing.

AFFIRMED.