# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2011

No. 10-20773
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN DE JESUS LACAYO, also known as Benjamin Dejesus Lacayo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-322-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Benjamin De Jesus Lacayo pleaded guilty to illegal reentry following deportation after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2). The district court imposed a within-guidelines-range sentence of 46 months of imprisonment.

Lacayo appeals the district court's denial of his motion for downward departure based on credit for time served in state custody after his parole was revoked and he was adjudicated guilty of the offense of indecency with a child.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20773

Specifically, he argues that the district court erred when it arbitrarily concluded that no federal judge would run Lacayo's federal and state sentences concurrently based on the time that he had spent serving the state sentence after he was found by immigration officials.

Under *United States v. Barrera-Saucedo*, 385 F.3d 533, 537 (5th Cir. 2004), "it is permissible for a sentencing court to grant a downward departure to an illegal alien for all or part of time served in state custody from the time immigration authorities locate the defendant until he is taken into federal custody." "This Court has jurisdiction to review a district court's refusal to grant a downward departure from the Guidelines only if the refusal was based on an error of law." *Barrera-Saucedo*, 385 F.3d. at 535. "A refusal to grant a downward departure is a violation of law only if the court mistakenly assumes that it lacks authority to depart." *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001) (internal quotation marks and citation omitted). Lacayo does not argue that the district court believed that it was not authorized to depart. Furthermore, there is no indication in the record that the district court was under the mistaken impression that it could not depart under the law. The court specifically addressed the issue of a departure based on credit for time served but concluded that it was not warranted in this case. Thus, this court lacks jurisdiction to review the district court's denial of Lacayo's downward departure motion. *See Barrera-Saucedo*, 385 F.3d. at 535.

APPEAL DISMISSED.