# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 28, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LESLIE AIKENS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-466-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Leslie Aikens appeals his jury trial conviction of (1) aiding and abetting the possession of more than five kilograms of cocaine with intent to distribute and (2) extortion under color of law.  He argues that the evidence adduced at trial was insufficient to sustain his conviction.

Because Aikens preserved a challenge to the sufficiency of the evidence by filing a timely motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c)(1), we review his claim is de novo.  *See United States v. Allison*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

616 F.2d 779, 784 (5th Cir. 1980).  We will uphold the verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.  *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008).  We "view[ ] the evidence in the light most favorable to the verdict and draw[ ] all reasonable inferences from the evidence to support the verdict."  *Id.* (internal quotation marks and citation omitted).

To establish aiding and abetting the possession of cocaine with intent to distribute, the Government had to prove that Aikens knowingly possessed a substance that was cocaine with intent to distribute and that he associated with the criminal venture, purposefully participated in it, and helped it to succeed.  *United States v. Jimenez*, 509 F.3d 682, 689 (5th Cir. 2007) (citations omitted); *United States v. Ortega Reyna*, 148 F.3d 540, 543-44 (5th Cir. 1998).  To show that Aikens had the requisite knowledge, the Government had to prove that he was aware that the purpose of the illegal activity was drugs rather than other contraband.  *United States v. Mireles*, 471 F.3d 551, 556 (5th Cir. 2006).

Aikens challenges only whether there was sufficient evidence to establish the knowledge requirement.  He asserts that there was no evidence proving that he knew that there were drugs in the car that he agreed to escort.

The trial evidence established that Aikens, a Houston Police Department officer, agreed to escort in his police unit a car driven by a confidential informant who was cooperating with law enforcement as part of an investigation into public corruption.  Law enforcement agents placed in the informant's car nearly seven kilograms of cocaine.  Aikens admitted in a post-arrest statement that he knew that the car contained drugs.  He specifically provided a written confession – the truthfulness and voluntariness of which he does not dispute – in which he stated that the informant asked him to escort a delivery of what he understood to be drugs of an unknown type and quantity.

The reliability of Aikens's confession was corroborated by audio and video recordings capturing his involvement in arranging and completing the escort.

These recordings also provided circumstantial evidence supporting that Aikens was aware that there were drugs in the car. The recordings capture, inter alia, discussions in which Aikens and the informant, whom Aikens knew distributed drugs, used code words affiliated with drug trafficking. *See United States v. Viscarra*, 494 F.3d 490, 493 (5th Cir. 2007). The recordings also depict Aikens being aware and having an understanding that the informant was recruiting him to aid in the transportation of drugs. While Aikens may not have known the specific kind of drug that he was escorting, we have held that a defendant need not have knowledge of drug type and quantity for a conviction for possession with intent to distribute. *See United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009). The evidence was sufficient. *See Percel*, 553 F.3d at 910.

To establish extortion under color of official right, the Government had to demonstrate that Aikens "obstruct[ed], delay[ed], or affect[ed] commerce or the movement of any article or commodity in commerce, by robbery or extortion" or attempted or conspired to do so. 18 U.S.C. § 1951(a). The Government may prove this offense by showing that Aikens "[took] a fee, unlawfully, under color of his public office, in return for performance or nonperformance of an official act." *United States v. Wright*, 797 F.2d 245, 250 (5th Cir. 1986).

Aikens argues that the Government failed to prove extortion under color of official right because there was no evidence that he explicitly requested that the informant pay him money in exchange for escorting the vehicle. An affirmative act of inducement by a public official, such as an express demand or a request, need not be proven to establish a violation under § 1951(a). *Evans v. United States*, 504 U.S. 255, 256-58 (1992). The trial evidence showed that Aikens accepted $2,000 from the informant in exchange for escorting the vehicle; Aikens's passive acceptance of payment in exchange for his assistance is sufficient to satisfy the element of inducement for purposes of § 1951. *See id.*; *Percel*, 553 F.3d at 910.

In addition, Aikens contends that the district court erred by not granting him a downward departure based upon the defense of "sentencing entrapment." He alleges that the nature of the illegal conduct and the amount of cocaine placed in the vehicle were solely determined by law enforcement.

The claim that the district court erred by failing to grant a new trial based on "sentencing entrapment" is belied by the procedural history of the case; Aikens successfully withdrew his motion for a new trial before the district court rendered a ruling and, thus, there is no basis for him to allege that the district court wrongly failed to grant a new trial. To the extent that Aikens argues that the district court erroneously denied his request for a downward departure on the basis of "sentencing entrapment," this claim also fails. Because Aikens does not allege that the district court committed an error of law by mistakenly believing that it lacked authority to depart downwardly on the basis of "sentencing entrapment," we lack jurisdiction to consider his argument. *See United States v. Barrera-Saucedo*, 385 F.3d. 533, 535 (5th Cir. 2004); *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001).

Finally, we have not decided whether "sentencing entrapment" is a viable defense to a sentence and, thus, Aikens has not shown that the district court's failure to impose a more lenient sentence on this basis rendered his sentence unreasonable. *See United States v. Jones*, 664 F.3d 966, 984 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2728 (2012). Even if the defense were a viable basis on which to challenge a sentence, Aikens has not alleged any facts showing that he was persuaded to commit a greater offense than he otherwise was predisposed to commit or that the conduct of law enforcement officers in the instant case was overbearing or outrageous. *See id.* We have rejected "sentencing entrapment" arguments similar to those raised by Aikens. *See United States v. Tremelling*, 43 F.3d 148, 151-52 (5th Cir. 1995). He has not alleged any basis upon which his involvement in escorting seven kilograms of cocaine was not conduct that the district court properly considered in determining his sentence.

AFFIRMED.