**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Kedrian Dewayne DAVIS,**
**Defendant–Appellant.**

No. 13–10990
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 15, 2014.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Derek D. Brown, Law Office of Derek Brown, Fort Worth, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Kedrian Dewayne Davis pleaded guilty to attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 846 and was sentenced to 95 months in prison. Davis argues that the district court erred in failing to find sentencing entrapment or sentence factor manipulation, i.e., that he was persuaded to commit a greater offense than he was otherwise predisposed to commit or that the actions of law enforcement agents were overbearing or outrageous.

To the extent Davis argues that the district court erred in failing to grant his motion for a downward departure, we lack jurisdiction to consider his argument. *See United States v. Barrera–Saucedo,* 385 F.3d 533, 535 (5th Cir.2004); *United States v. Cooper,* 274 F.3d 230, 248 (5th Cir.2001).

To the extent Davis argues that the district court imposed a greater sentence than necessary because it did not consider the impact of sentencing entrapment, we review the sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Because Davis's claim is unavailing under both the abuse of discretion and plain error standards of review, we need not determine which standard applies in this case. *See United States v. Teuschler,* 689 F.3d 397, 400 (5th Cir.2012).

We have not decided whether sentencing entrapment is a viable defense to a sentence, and we need not do so here. *See United States v. Stephens,* 717 F.3d 440, 446 (5th Cir.2013). Even if the defense is viable, Davis has not shown that he was persuaded to commit a greater offense than he otherwise was predisposed to commit or that the conduct of law enforcement officers in the instant case was overbearing or outrageous. *See Jones,* 664 F.3d at 984; *Stephens,* 717 F.3d at 446. To the contrary, Davis's conduct supports a finding of predisposition. *See United States v. Reyes,* 239 F.3d 722, 739 (5th Cir.2001).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.