# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20595
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO PEREZ-SANCHEZ, also known as Roberto Perez, also known as Roberto Perez Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-217-1

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Perez-Sanchez appeals his 70-month sentence following his guilty plea to illegal reentry following deportation after an aggravated felony. He argues that the district court committed procedural error in failing to address his entitlement to a downward departure to account for time spent in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state custody.  *See United States v. Barrera-Saucedo*, 385 F.3d 533, 536-37 (5th Cir. 2004).

The Government argues that Perez's claim that his sentence was procedurally unreasonable is not reviewable since he invited any error and/or waived any error by failing to move for either a downward departure to account for his time spent in state custody and by specifically requesting the minimum sentence under the applicable Guidelines.  We do not decide the issue because, even if Perez's argument is forfeited rather than waived, it fails under the otherwise applicable plain error standard.  To establish plain error, Perez must show a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We engage in a bifurcated analysis of the sentence, examining first whether the district court committed any "significant" procedural errors and then considering the substantive reasonableness of the sentence.  *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009).  A district court commits significant procedural error if it fails to provide an adequate explanation for the sentence it imposes.  *Gall*, 552 U.S. at 51.  Sentences within the Guidelines require "little explanation."  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  However, when a district court is presented with a nonfrivolous argument for a sentence outside the guidelines, "more than a brief statement may be required."  *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  Nonetheless, a district court's explanation is sufficient where the record reflects that the district court listened to and considered the defendant's arguments for a below-Guidelines sentence and then indicated that a sentence within the Guidelines range was appropriate.  *See id*. at 525-26.

No. 13-20595

Here, the record, when taken as a whole, reflects that the district court implicitly considered whether Perez should receive a downward departure for time spent in state custody but rejected such a departure when it found that a sentence within the guidelines range was sufficient but not greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).  *See Rodriguez*, 523 F.3d at 525.  The court's failure to provide additional reasons does not constitute clear and obvious error.  *See Puckett*, 556 U.S. at 135.

To the extent that Perez seeks to challenge the denial of a downward departure to account for the time spent in state custody, we are without jurisdiction to consider Perez's argument, as there is no indication in the record that the district court was under the mistaken impression that it could not depart. *See Barrera-Saucedo*, 385 F.3d at 535.  We retain jurisdiction to review "whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable." *United States v. Nikonova,* 480 F.3d 371, 375 (5th Cir. 2007), *abrogation on other grounds recognized by United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).  Thus, to the extent that Perez's argument that the district court should have granted a downward departure can be construed as a challenge to the substantive reasonableness of his 70-month guidelines sentence, any such argument is without merit.  Because Perez was sentenced at the bottom of the guidelines range, the sentence is presumptively reasonable.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Nor has Perez rebutted the presumption of reasonableness that attaches to his within-guidelines sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554 565-66 (5th Cir. 2008).  The judgment of the district court is affirmed.

AFFIRMED.