# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10057
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER LIPPMANN-AVILEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-121-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Walter Lippmann-Avilez challenges the within-guidelines sentence imposed following his guilty plea conviction for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He argues that his sentence is procedurally unreasonable because the district court did not adjust his offense level downward pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 3B1.2.    He also argues that his sentence is substantively unreasonable.

To the extent that Lippmann-Avilez is challenging the district court's refusal to downwardly depart from the recommended guidelines range, we do not have jurisdiction to review that decision.  *See United States v. Barrera-Saucedo*, 385 F.3d 533, 535 (5th Cir. 2004).  Moreover, although Lippmann-Avilez contends that he preserved his challenge to the lack of a § 3B1.2 minor role adjustment in his "Motion for Downward Departure," that argument was expressly waived during his sentencing hearing.  *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).  His argument fails, however, even under the plain error standard of review as we have previously rejected the argument that a § 3B1.2 adjustment is warranted if the defendant was a courier who was forced into transporting drugs.  *See United States v. Silva-De Hoyos*, 702 F.3d 843, 846-47 (5th Cir. 2012).  Further, because Lippmann-Avilez's sentence was based solely upon the amount of heroin that he possessed and intended to distribute in the United States, § 3B1.2 does not require a reduction to the base offense level even though his activity in a larger conspiracy may have been minor.  *See United States v. Atanda*, 60 F.3d 196, 198-99 (5th Cir. 1995).  Lippmann-Avilez has shown no error, plain or otherwise, in the calculation of his guidelines range.

With regard to substantive reasonableness, Lippmann-Avila contends that the district court failed to adequately consider the nature and circumstances of the offense, his history and characteristics, and a sentence below the recommended guidelines range.  Lippmann-Avila has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The judgment of the district court is AFFIRMED.