# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RONNIE DEANGELO WORTHY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-225-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ronnie Deangelo Worthy appeals the 481-month sentence imposed following his guilty-plea convictions for: carjacking, in violation of 18 U.S.C. § 2119; bank robbery, in violation of § 2113; and using a firearm in furtherance of a crime of violence (two counts), in violation of § 924(c). Worthy asserts the district court erred by: (1) increasing his offense level by two levels, pursuant to Sentencing Guideline § 2B3.1(b)(3)(A), for inflicting bodily injury on the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

carjacking victim; (2) increasing his offense level by four levels, pursuant to § 2B3.1(b)(4)(A), for abducting that victim, and by two levels, pursuant to § 2B3.1(b)(4)(B), for physically restraining the bank-robbery victims; (3) denying his motion for a downward departure; and (4) imposing a substantively unreasonable sentence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Regarding Worthy's challenge to the enhancement for inflicting bodily injury to the carjacking victim, whether the victim sustained a bodily injury, pursuant to Guideline § 2B3.1(b)(3)(A), is a factual finding, reviewed for clear error. *See United States v. Martinez-Alvarado*, 422 F. App'x 356, 358 (5th Cir. 2011). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *E.g., United States v. Jimenez*, 323 F.3d 320, 322–23 (5th Cir. 2003). "Bodily injury" is defined in the Guidelines as "any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought". U.S.S.G. § 1B1.1 cmt. n.1(B).

At sentencing, Worthy testified he did not strike the carjacking victim. He contends the court inappropriately considered the context, as described by the victim, of the alleged strike: Worthy's demanding oral sex from her and

pulling her head towards his lap. There was also some dispute regarding whether the Spanish word the victim used to describe the strike translated to "punched" or "slapped"; and, alternatively, Worthy contends any injury she incurred did not rise to the level of "significant", as defined in the Guidelines, because she did not seek medical treatment. *See* § 1B1.1 cmt. n.1(B).

The district court was free to rely on the addendum to the Presentence Investigation Report and determine the credibility of Worthy's testimony. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). According to that addendum, the victim stated in a telephone interview with the probation officer: Worthy struck her in the face with a closed fist; it was painful; and she experienced some redness on the side of her face. This court has affirmed the application of the bodily-injury enhancement in cases involving similar injuries. *See, e.g., United States v. Washington*, 500 F. App'x 279, 282–83 (5th Cir. 2012) (victim suffered closed-fist punch in the nose but did not seek medical treatment); *see also United States v. Jefferson*, 258 F.3d 405, 413–14 (5th Cir. 2001) (victim suffered head injury described as a "knot", cuts, scrapes, and bruises).

Worthy next asserts the court improperly applied the abduction enhancement, under § 2B3.1(b)(4)(A), to the carjacking offense, and the physical-restraint enhancement, under § 2B3.1(b)(4)(B), to the bank-robbery offense. In district court, Worthy claimed these enhancements were unnecessary because he was already being sentenced for use of a firearm under § 924(c). Because he disputes these enhancements on a different basis here, his assertions are reviewed for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Under that standard, Worthy must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we

have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Here, Worthy contends that, as stated in Guideline § 2K2.4(b) (the Guideline for 18 U.S.C. § 924(c) offenses), Chapters Three and Four of the Sentencing Guidelines do not apply. Worthy's claim fails because the enhancements applied to his carjacking and bank robbery offenses are in Chapter Two of the Guidelines, not Three or Four.

For his third issue, Worthy contends the district court committed procedural error at sentencing by failing to comply with the requirements of 18 U.S.C. § 3553(a) (sentencing factors) with respect to his request for a downward departure. He claims: the court misinterpreted his request for a downward departure for the carjacking and bank-robbery offenses as a request for a departure from the mandatory minimum sentences for the firearms offenses; in addition, it did not explain its rejection of his request.

We "have jurisdiction to review a district court's refusal to grant a downward departure from the Guidelines only if the refusal was based on an error of law". *United States v. Barrera-Saucedo*, 385 F.3d 533, 535 (5th Cir. 2004). "A refusal to grant a downward departure is a violation of law only if the court mistakenly assumes that it lacks authority to depart." *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001). Because the court recognized it had the authority to depart, we lack jurisdiction to consider Worthy's claim. *See id.*; *Barrera-Saucedo*, 385 F.3d at 535.

Finally, Worthy maintains his within-Guidelines sentence is substantively unreasonable because it is virtually a life sentence. Because his sentence falls within the applicable Guidelines sentencing range, it is afforded a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The court expressly considered several of the 18 U.S.C.

No. 14-51345

§ 3553(a) factors, the documentary evidence, and the parties' assertions, including Worthy's contention for a more lenient sentence.  We will not reweigh the § 3553(a) factors:  "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant".  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Worthy, therefore, fails to rebut the presumption of reasonableness.

AFFIRMED.