# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2022

Lyle W. Cayce
Clerk

No. 21-20420
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HECTOR CASTRO-LOPEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-862-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Hector Castro-Lopez appeals the within-Guidelines sentence imposed following his guilty plea to illegal reentry. Castro-Lopez argues that his sentence is substantively unreasonable because the district court gave undue weight to improper factors in denying his request for a downward

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20420

variance based on time served in state custody. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). We ordinarily review the substantive reasonableness of a sentence in light of the 18 U.S.C. § 3553(a) sentencing factors for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

"There is no statutory authority for district courts to award credit against federal sentences for time spent in state custody." *United States v. Barrera-Saucedo*, 385 F.3d 533, 536 (5th Cir. 2004); *see also United States v. Aparicio*, 963 F.3d 470, 477 (5th Cir.), *cert. denied*, 141 S. Ct. 435 (2020). Nevertheless "it is permissible for a sentencing court to grant a downward departure [under the § 3553(a) factors] to an illegal alien for all or part of the time served in state custody from the time immigration authorities locate the defendant until he is taken into federal custody." *Barrera-Saucedo*, 385 F.3d at 536; *see also* U.S.S.G. § 2L1.2, comment. (n.7). This type of departure is to be considered only in cases where it is not likely to increase the risk to the public from other offenses from the defendant. § 2L1.2, comment. (n.7).

The record establishes that Castro-Lopez was not a first-time offender, and his substantial criminal history, as set forth in the presentence worksheet, was deemed to be a factor of danger to the community. Additionally, the district court's consideration of Castro-Lopez's personal history in choosing to start a family in a country in which he could not live legally was not tantamount to consideration of an improper factor in denying the requested variance. *See* § 3553(a)(1). The record further supports that the district court's off-hand remarks to both Castro-Lopez and another defendant sentenced at the same hearing regarding working, alcohol use, and taking care of their families in the United States had no bearing on Castro-Lopez's sentence.

No. 21-20420

On this record, no showing has been made that the sentence was the result of the giving of significant weight to improper factors. *See Smith*, 440 F.3d at 708. Castro-Lopez has presented nothing that would overcome the presumption of reasonableness that attaches to a within-Guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.